# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA
and the States of CALIFORNIA,
CONNECTICUT, FLORIDA,
ILLINOIS, MASSACHUSETTS,
MICHIGAN, NEW YORK, OHIO,
RHODE ISLAND, and TEXAS, and
the Government of PUERTO RICO,
*ex rel*., MSP WB, LLC, ex. rel., and
MICHAEL ANGELO, *ex rel*.,

        Plaintiffs,

     v.

STATE FARM MUT. INS. CO., *et al.*

      Defendants.

No. 2:19-cv-12165-LJM-APP

Hon. Laurie J. Michelson

Mag. Judge Anthony P. Patti

## PROGRESSIVE DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF <u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the "Progressive Defendants"[1] ("Progressive") respectfully request that this Court dismiss with prejudice Relators' Amended Complaint, Dkt. 20 ("Am. Compl."), and that the Court take judicial notice of the documents attached as Exhibits A-F to the accompanying Request for Judicial Notice.  Progressive fully joins the Joint Motion to Dismiss filed contemporaneously in this case and files a separate motion only as to the issues in the Amended Complaint that are specific and unique to Progressive.

The Amended Complaint alleges a so-called "exemplar" claim involving a purported Progressive entity that supposedly failed to reimburse a private health plan Medicare Advantage Organization ("MAO") for accident-related medical expenses of "Y.B."  Am. Compl. Appendix B, pp. 158-59.  But Progressive *had no obligation at any time* to reimburse anyone for Y.B.'s accident-related medical expenses in

---

[1] The Progressive Defendants are: ASI Home Ins. Corp., ASI Lloyds, ASI Preferred Ins. Corp., ASI Select Auto Ins. Corp., ASI Select Ins. Corp., Blue Hill Specialty Ins. Co. Inc., Drive NJ Ins. Co., Mountain Laurel Assur. Co., National Continental Ins. Co., Progressive Advanced Ins. Co., Progressive Amer. Ins. Co., Progressive Bayside Ins. Co., Progressive Cas. Ins. Co., Progressive Classic Ins. Co., Progressive Cnty. Mut. Ins. Co., Progressive Direct Ins. Co., Progressive Express Ins. Co., Progressive Garden State Ins. Co., Progressive Gulf Ins. Co., Progressive HI Ins. Corp., Progressive Marathon Ins. Co., Progressive Max Ins. Co., Progressive Mi Ins. Co., Progressive Mountain Ins. Co., Progressive Northern Ins. Co., Progressive Northwestern Ins. Co., Progressive Paloverde Ins. Co., Progressive Preferred Ins. Co., Progressive Premier Ins. Co. of IL, Progressive Prop. Ins. Co., Progressive Security Ins. Co., Progressive Select Ins. Co., Progressive Southeastern Ins. Co., Progressive Specialty Ins. Co., Progressive Universal Ins. Co., Progressive West Ins. Co., and United Financial Cas. Co.

connection with that claim because the purported accident never happened, Progressive at the time denied coverage, and as evidenced by dispositive findings in two different lawsuits, Progressive and its insured were found not to owe any money to Y.B. or any of the physicians or facilities that treated her. The Court should take judicial notice of these Court orders from two separate New York courts, as requested in Progressive's contemporaneously filed Request for Judicial Notice, and dismiss the claims made against Progressive with prejudice for failure to state a claim.

## BACKGROUND

Progressive incorporates by reference the Background and Legal Standards sections in the Joint Motion to Dismiss. Relevant to this Motion to Dismiss is the "exemplar" claim in the Amended Complaint that purports to describe an incident in which "Progressive Group of Ins. Companies" failed to pay the medical expenses of an individual identified as Y.B., who claimed to have been injured by a Progressive motorist in an automobile accident. Am. Compl. Appendix B, pp. 158-59 ("Exemplar Claim").[2] The Amended Complaint alleges that this purported Progressive entity, as a primary payer, was responsible for paying Y.B.'s medical

---

[2] The Exemplar Claim does not involve a Progressive defendant named in the Complaint, but instead references a non-existent entity, "Progressive Group of Ins. Companies." *See* Progressive Corp., Annual Report (Form 10-K, Ex. 21) (Mar. 1, 2021) (Exhibit A, attached to Request for Judicial Notice) (not listing "Progressive Group of Ins. Companies" as a Progressive subsidiary).

expenses, but that an MAO paid the expenses and was never reimbursed. *Id*. The Exemplar Claim concludes that the Progressive entity somehow admitted that it was a primary payer on these expenses—and was therefore responsible for reimbursing the MAO—merely by reporting the claim to Insurance Services Office, Inc. ("ISO").

## <u>ARGUMENT</u>

Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Lacks Enters., Inc. v. HD Supply, Inc.*, No. 16-10867, 2016 WL 6083748, at *3 (E.D. Mich. Oct. 18, 2016) ("When the complaint involves multiple defendants, then 'each defendant's role must be particularized with respect to their alleged involvement in the fraud.") (internal quotations and citation omitted). As argued in detail in the Joint Motion to Dismiss, the Relators' claims fail to meet this standard because they make no factual allegations involving any of the named Progressive Defendants whatsoever, let alone allegations that meet the elements of a reverse false claim. At most, the Amended Complaint purports to allege facts relating to several exemplars, which fail on their face to state a claim for relief for the reasons stated in the Joint Motion to Dismiss. In addition, the Exemplar Claim

asserted against Progressive fails because it relates to a nonexistent entity, and that fact alone warrants dismissal of Progressive from this action.

Moreover, two lawsuits in New York state court demonstrate that Progressive was never responsible for paying any of Y.B.'s purported medical expenses and certainly was not responsible for reimbursing an MAO for such expenses.  At the time, Y.B. alleged that she had been struck by a car driven by a Progressive policyholder.  Because the accident never happened, Progressive denied both first-party and third-party coverage, resulting in Y.B. filing a lawsuit against Progressive's insured—*i.e.*, the driver of the car that supposedly caused her injuries. After hearing the evidence, the jury rejected Y.B.'s claims, returning a unanimous verdict finding that Progressive's insured was not responsible for Y.B.'s medical expenses.  *See* Exhibit B, attached to Request for Judicial Notice.[3]

Concurrently, Progressive Specialty Insurance Company filed a declaratory judgment action against Y.B. and her purported medical providers, seeking a declaration that Progressive was not liable for "any claims of bodily injury, no-fault and/or uninsured motorist claims" made by Y.B. or any of the providers on her

---

[3] The Court may also consider these filings because they are incorporated by reference into the Amended Complaint. *See* Am. Compl. Appendix B, pp. 158-59; *Simpson v. United Auto Workers Local 6000*, 394 F. Supp. 2d 991, 998 (E.D. Mich. 2005) ("In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may consider 'the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice.'") (citation omitted).

behalf.  *See* Exhibit C, attached to Request for Judicial Notice.  Progressive pointed to evidence overwhelmingly demonstrating that Y.B. had fabricated the accident altogether and had essentially committed insurance fraud in seeking coverage from Progressive.  *See id.*  In response, two of Y.B.'s medical providers withdrew all of their claims for payment from Progressive.  *See* Exhibits D and E, attached to Request for Judicial Notice.  A number of other providers defaulted, resulting in a court order finding that Progressive had "no duty to provide coverage for claims for no-fault or uninsured motorist benefits made by or on behalf of any of the defaulting defendants."  Exhibit F, attached to Request for Judicial Notice.

In short, a jury found that Progressive's insured was not responsible for the Exemplar Claim, a second Court found that Progressive was not liable to pay any first party coverage, and Y.B.'s medical providers abandoned their efforts.  The Relators' Exemplar Claim, in other words, does not help them state a claim against any of the Progressive Defendants, and the actual court orders demonstrate that Progressive had no first-party (or third-party) coverage obligation.  The fact that Relators chose to rely on such a dubious Exemplar raises questions about the validity of their claims and their candor before the Court.

## **CONCLUSION**

For the foregoing reasons, and for those given in the Joint Motion to Dismiss, Progressive requests that the Court dismiss the Amended Complaint with prejudice.

Respectfully submitted this 15th day of December, 2021.

*/s/ Jordan S. Bolton*
Jordan S. Bolton (P66309)
**CLARK HILL PLC**
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
Telephone:  (248) 988-1839
Facsimile:  (248) 988.2320
jbolton@clarkhill.com

David J. Farber
**KING & SPALDING LLP**
1700 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
dfarber@kslaw.com

Jeffrey S. Cashdan
Zachary A. McEntyre
Emily S. Newton
Timothy H. Lee
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
jcashdan@kslaw.com
zmcentyre@kslaw.com
enewton@kslaw.com
tlee@kslaw.com

*Attorneys for Defendants:*
*ASI Home Ins. Corp.*
*ASI Lloyds*
*ASI Preferred Ins. Corp.*
*ASI Select Auto Ins. Corp.*
*ASI Select Ins. Corp.*

*Blue Hill Specialty Ins. Co. Inc.*
*Drive NJ Ins. Co.*
*Mountain Laurel Assur. Co.*
*National Continental Ins. Co.*
*Progressive Advanced Ins. Co.*
*Progressive Amer. Ins. Co.*
*Progressive Bayside Ins. Co.*
*Progressive Cas. Ins. Co.*
*Progressive Classic Ins. Co.*
*Progressive Cnty Mut. Ins. Co.*
*Progressive Direct Ins. Co.,*
*Progressive Express Ins. Co.,*
*Progressive Garden State Ins. Co.,*
*Progressive Gulf Ins. Co.,*
*Progressive HI Ins. Corp.,*
*Progressive Marathon Ins. Co.,*
*Progressive Max Ins. Co.,*
*Progressive Mi Ins. Co.,*
*Progressive Mountain Ins. Co.,*
*Progressive Northern Ins. Co.,*
*Progressive Northwestern Ins. Co.,*
*Progressive Paloverde Ins. Co.,*
*Progressive Preferred Ins. Co.,*
*Progressive Premier Ins. Co. of IL,*
*Progressive Prop. Ins. Co.,*
*Progressive Security Ins. Co.,*
*Progressive Select Ins. Co.,*
*Progressive Southeastern Ins. Co.,*
*Progressive Specialty Ins. Co.,*
*Progressive Universal Ins. Co.,*
*Progressive West Ins. Co., and*
*United Financial Cas. Co.*

## <u>NOTICE OF CERTIFICATIONS</u>

I certify that on Tuesday, December 14, 2021, pursuant to Local Rule 7.1, counsel for the Progressive Defendants explained the nature of the Motion and its legal basis with Relators' counsel in an effort to obtain concurrence in the relief requested, but such concurrence was not obtained.

In addition, I certify that this document complies with Local Rule 5.1(a) including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length per Local Rule 7.1(d)(3).

*/s/ Jordan S. Bolton*
Jordan S. Bolton

## CERTIFICATE OF SERVICE

I do hereby certify that on December 15, 2021, I filed the foregoing document with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

*/s/ Jordan S. Bolton*
Jordan S. Bolton