# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the States of CALIFORNIA, CONNECTICUT, FLORIDA, ILLINOIS, MASSACHUSETTS, MICHIGAN, NEW YORK, OHIO, RHODE ISLAND, and TEXAS, and the Government of PUERTO RICO, *ex rel.*, MSP WB, LLC, *ex. rel.*, and MICHAEL ANGELO, *ex rel.*, | |
| Plaintiffs, | No. 2:19-cv-12165-LJM-APP |
| | Hon. Laurie J. Michelson |
| | Mag. Judge Anthony P. Patti |
| v. | |
| STATE FARM MUT. AUTO. INS. CO., *et al.* | |
| Defendants. | |

## PROGRESSIVE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR SUPPLEMENTAL MOTION TO DISMISS

The "Progressive Defendants"[1] ("Progressive") respectfully request that the

Court, in connection with their concurrently filed Supplemental Motion to Dismiss,

---

[1] The Progressive Defendants are: ASI Home Ins. Corp., ASI Lloyds, ASI Preferred Ins. Corp., ASI Select Auto Ins. Corp., ASI Select Ins. Corp., Blue Hill Specialty Ins. Co. Inc., Drive NJ Ins. Co., Mountain Laurel Assur. Co., National Continental Ins. Co., Progressive Advanced Ins. Co., Progressive Amer. Ins. Co., Progressive

take judicial notice of Exhibits A-F, true and correct copies of which are attached hereto, pursuant to Federal Rule of Evidence 201.  The Court may take judicial notice of facts "not subject to reasonable dispute" in that they are either (1) "generally known within the . . . territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court must take judicial notice "if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  In ruling on a Rule 12(b)(6) motion, the Court "may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."  *Bailey v. City of Ann Arbor*, 860 F.2d 382, 386 (6th Cir. 2017) (citation omitted); *see also U.S. v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012).

Exhibit A is a full list of Progressive subsidiaries, which was attached to Progressive Corporation's most recent 10-K filing.  The Court may take judicial

---

Bayside Ins. Co., Progressive Cas. Ins. Co., Progressive Classic Ins. Co., Progressive Cnty. Mut. Ins. Co., Progressive Direct Ins. Co., Progressive Express Ins. Co., Progressive Garden State Ins. Co., Progressive Gulf Ins. Co., Progressive HI Ins. Corp., Progressive Marathon Ins. Co., Progressive Max Ins. Co., Progressive Mi Ins. Co., Progressive Mountain Ins. Co., Progressive Northern Ins. Co., Progressive Northwestern Ins. Co., Progressive Paloverde Ins. Co., Progressive Preferred Ins. Co., Progressive Premier Ins. Co. of IL, Progressive Prop. Ins. Co., Progressive Security Ins. Co., Progressive Select Ins. Co., Progressive Southeastern Ins. Co., Progressive Specialty Ins. Co., Progressive Universal Ins. Co., Progressive West Ins. Co., and United Financial Cas. Co.

notice of this publicly available SEC filing.  SEC filings are routinely judicially noticed.  *See, e.g.*, *In re Automotive Parts Antitrust Litig.*, No. 2:16-cv-03802-MOB-MKM, No. 2:16-cv-03803-MOB-MKM, 2017 WL 7689654, at *1 (E.D. Mich. May 5, 2017) (taking judicial notice of SEC filings).

Exhibits B-F are publicly available court filings, of which the Court may take judicial notice. *See, e.g.*, *Gonzales v. City of Fostoria*, No. 3:13 CV 796, 2014 WL 99114, at *7 (N.D. Ohio Jan. 9, 2014) (taking judicial notice of municipal court's docket sheets, which established that the plaintiff had pleaded no contest, was subsequently found guilty, and had appealed those verdicts).

| Exhibit | Source |
|---------|--------|
| B | *Bentivegna v. Ivanov et al.*, No. 50326/2016, Doc No. 38, Verdict Sheet (Kings Cnty. Sup. Ct. Aug. 1, 2018). |
| C | *Progressive Specialty Ins. Co. v. Ivanov et al.*, Doc. No. 1, Verified Complaint (Nassau Cnty. Sup. Ct. May 31, 2016). |
| D | *Progressive Specialty Ins. Co. v. Ivanov et al.*, Stipulation of Discontinuance (Nassau Cnty. Sup. Ct. Aug. 5, 2016). |
| E | *Progressive Specialty Ins. Co. v. Ivanov et al.*, Stipulation of Discontinuance (Nassau Cnty. Sup. Ct. Sept. 23, 2016). |
| F | *Progressive Specialty Ins. Co. v. Ivanov et al.*, Doc. No. 25, Declaratory Judgment (Kings Cnty. Sup. Ct. Feb. 14, 2019). |

WHEREFORE, the undersigned request that the Court take judicial notice of the information in Exhibits A-F, true and correct copies of which are attached hereto.

Dated: December 15, 2021        Respectfully submitted,

*/s/ Jordan S. Bolton*
Jordan S. Bolton (P66309)
**CLARK HILL PLC**
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
Telephone:  (248) 988-1839
Facsimile:  (248) 988.2320
jbolton@clarkhill.com

David J. Farber
**KING & SPALDING LLP**
1700 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
dfarber@kslaw.com

Jeffrey S. Cashdan
Zachary A. McEntyre
Emily S. Newton
Timothy H. Lee
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
jcashdan@kslaw.com
zmcentyre@kslaw.com
enewton@kslaw.com
tlee@kslaw.com

*Attorneys for Defendants:*
*ASI Home Ins. Corp.*
*ASI Lloyds*
*ASI Preferred Ins. Corp.*
*ASI Select Auto Ins. Corp.*
*ASI Select Ins. Corp.*

*Blue Hill Specialty Ins. Co. Inc.*
*Drive NJ Ins. Co.*
*Mountain Laurel Assur. Co.*
*National Continental Ins. Co.*
*Progressive Advanced Ins. Co.*
*Progressive Amer. Ins. Co.*
*Progressive Bayside Ins. Co.*
*Progressive Cas. Ins. Co.*
*Progressive Classic Ins. Co.*
*Progressive Cnty Mut. Ins. Co.*
*Progressive Direct Ins. Co.,*
*Progressive Express Ins. Co.,*
*Progressive Garden State Ins. Co.,*
*Progressive Gulf Ins. Co.,*
*Progressive HI Ins. Corp.,*
*Progressive Marathon Ins. Co.,*
*Progressive Max Ins. Co.,*
*Progressive Mi Ins. Co.,*
*Progressive Mountain Ins. Co.,*
*Progressive Northern Ins. Co.,*
*Progressive Northwestern Ins. Co.,*
*Progressive Paloverde Ins. Co.,*
*Progressive Preferred Ins. Co.,*
*Progressive Premier Ins. Co. of IL,*
*Progressive Prop. Ins. Co.,*
*Progressive Security Ins. Co.,*
*Progressive Select Ins. Co.,*
*Progressive Southeastern Ins. Co.,*
*Progressive Specialty Ins. Co.,*
*Progressive Universal Ins. Co.,*
*Progressive West Ins. Co., and*
*United Financial Cas. Co.*

# Exhibit A

EX-21 8 pgr-20201231exhibit21.htm EX-21

**Exhibit 21**

SUBSIDIARIES OF THE PROGRESSIVE CORPORATION

| Name of Subsidiary | Jurisdiction of Incorporation |
|---|---|
| ARX Holding Corp. | Delaware |
|     American Strategic Insurance Corp. | Florida |
|     Ark Royal Underwriters, LLC | Florida |
|     ASI Assurance Corp. | Florida |
|     ASI Home Insurance Corp. | Florida |
|     ASI Lloyds, Inc. | Texas |
|     ASI Preferred Insurance, Corp.* | Florida |
|     ASI Select Auto Insurance Corp. | California |
|     ASI Select Insurance Corp. | Delaware |
|     ASI Services, Inc. | Florida |
|     ASI Underwriters Corp. | Florida |
|     ASI Underwriters of Texas, Inc. | Texas |
|     e-Ins. LLC* | Florida |
|     Progressive Property Insurance Company | Florida |
|     PropertyPlus Insurance Agency, Inc. | Delaware |
|     Sunshine Security Insurance Agency, Inc. | Florida |
| Drive Insurance Holdings, Inc. | Delaware |
|     Drive New Jersey Insurance Company | New Jersey |
|     Progressive American Insurance Company | Ohio |
|     Progressive Bayside Insurance Company | Ohio |
|     Progressive Casualty Insurance Company | Ohio |
|         PC Investment Company | Delaware |
|         Progressive Gulf Insurance Company | Ohio |
|         Progressive Specialty Insurance Company | Ohio |
|             Trussville/Cahaba, AL, LLC | Ohio |
|     Progressive Classic Insurance Company | Wisconsin |
|     Progressive Commercial Advantage Agency, Inc. | Ohio |
|     Progressive Commercial Casualty Company | Ohio |
|     Progressive Freedom Insurance Company | Ohio |
|     Progressive Hawaii Insurance Corp. | Ohio |
|     Progressive Michigan Insurance Company | Michigan |
|     Progressive Mountain Insurance Company | Ohio |
|     Progressive Northern Insurance Company | Wisconsin |
|     Progressive Northwestern Insurance Company | Ohio |
|     Progressive Preferred Insurance Company | Ohio |
|     Progressive Security Insurance Company | Louisiana |
|     Progressive Southeastern Insurance Company | Indiana |
|     Progressive West Insurance Company | Ohio |
| Garden Sun Insurance Services, Inc. | Hawaii |
| Pacific Motor Club | California |

*Wholly owned by ARX Holding Corp.; however, ownership is shared by one or more ARX Holding Corp. subsidiary. Subsidiary is reported under the majority owned parent.

| Name of Subsidiary | Jurisdiction of Incorporation |
| --- | --- |
| Progny Agency, Inc. | New York |
| Progressive Adjusting Company, Inc. | Ohio |
| Progressive Capital Management Corp. | New York |
| Progressive Commercial Holdings, Inc. | Delaware |
|     Artisan and Truckers Casualty Company | Wisconsin |
|     Blue Hill Specialty Insurance Company, Inc. | Illinois |
|     National Continental Insurance Company | New York |
|     Progressive Express Insurance Company | Ohio |
|     United Financial Casualty Company | Ohio |
| Progressive Direct Holdings, Inc. | Delaware |
|     Mountain Laurel Assurance Company | Ohio |
|     Progressive Advanced Insurance Company | Ohio |
|     Progressive Advantage Agency, Inc. | Ohio |
|     Progressive Auto Pro Insurance Agency, Inc. | Florida |
|     Progressive Choice Insurance Company | Ohio |
|     Progressive Direct Insurance Company | Ohio |
|         Gadsden, AL, LLC | Ohio |
|     Progressive Garden State Insurance Company | New Jersey |
|     Progressive Marathon Insurance Company | Michigan |
|     Progressive Max Insurance Company | Ohio |
|     Progressive Paloverde Insurance Company | Indiana |
|     Progressive Premier Insurance Company of Illinois | Ohio |
|     Progressive Select Insurance Company | Ohio |
|     Progressive Universal Insurance Company | Wisconsin |
| Progressive Investment Company, Inc. | Delaware |
| Progressive Life Insurance Company | Ohio |
| Progressive Premium Budget, Inc. | Ohio |
| Progressive RSC, Inc. | Ohio |
| Progressive Vehicle Service Company | Ohio |
| Village Transport Corp. | Delaware |
| Wilson Mills Land Co. | Ohio |
| 358 Ventures, Inc. | Ohio |

# Exhibit B

At I.A.S. Part 94 of the Supreme Court of the State of New York held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York on the 26th day of July 2018

**PRESENT:** Hon. _Pamela L Fisher_ , JSC

Yolanda Bentivegna

*Plaintiff(s)*

Index No. 503236 /2016

- against -

Mykhalo Ivanov and Anastasia Ivanova

*Defendant(s)*

This cause having been called for trial in its order on the Calendar, and six jurors having been duly drawn, empaneled and sworn to try the same, the jury comes into the Court on 26th day of July 2018 , after a _Bifurcated_ trial and say that they find a verdict _as follows_ .

As to Liability

The the Defendant Anastasiya Ivanova was not negligent. (Uninimous)

Verdict for Defendant.

**(A TRUE EXTRACT OF THE MINUTES OF THE CASE)**

**COUNTY CLERK**

**Nancy T. Sunshine**

by: _Paul_

FILED: KINGS COUNTY CLERK 08/01/2018

INDEX NO. 503236/2016

NYSCEF DOC. NO. 58    Case 2:19-cv-12165-LJM-APP   ECF No. 329-1, PageID.1848   Filed 12/15/21   Page 11 of 33    RECEIVED NYSCEF: 08/09/2018

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS, PART 94**

_____

**YOLANDA BENTIVEGNA,**

                               **Plaintiff,**

         -against-

**MYKHAYLO IVANOV and**
**ANASTASIYA IVANOVA,**

                           **Defendants.**

_____

**Index No. 503236/2016**

**VERDICT SHEET**

**QUESTION 1.**       WAS **DEFENDANT ANASTASIYA IVANOVA** NEGLIGENT?

(At least five must agree on the answer to this question)

YES _____ NO ✓

JURORS WHO CONCUR IN ANSWERING THE ABOVE QUESTION WILL SIGN
THEIR NAMES BELOW:

1. _[signature]_               4. _[signature] Williams_

2. _Jessica [signature]_               5. _[signature]_

3. _Alene Joseph_               6. _Tibor Fuchs_

I, THE UNDERSIGNED, DO NOT CONCUR IN THE ABOVE VERDICT.

_____

**INSTRUCTIONS:** If your answer to Question #1 is "YES", please proceed to Question #2.
If your answer to Question #1 is "NO", please <u>STOP</u> and report your
verdict to the court.



EXHIBIT
I
7/26/18

PENGAD 800-631-6989

2 of 8

# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU_____
PROGRESSIVE SPECIALTY INSURANCE COMPANY,

          **VERIFIED**
          **COMPLAINT**

                    **Plaintiff,**          Index No.:

          -against-

MYKHAYLO IVANOV, ANASTAYSIYA IVANOVA,
YOLANDA BENTIVEGNA, BROOKLYN ANESTHESIA
RESEARCH, P.C., DANIEL W. WILEN, ORTHOPAEDIC
SURGERY, M.D., P.C., HAMILTON PARK NURSING AND
REHAB, LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., NES MEDICAL SERVICES OF
NEW YORK, P.C., NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, NYU ANESTHESIA
ASSOCIATES, NYU LUTHERAN ASSOCIATES, QUANTUM
MEDICAL RADIOLOGY OF CALIFORNIA, PC and
SENIORCARE EMERGENCY MEDICAL SERVICES, INC.,

                    **Defendants.**

_____

Plaintiff (hereinafter "Progressive" or "Plaintiff") by its counsel McCORMACK &

MATTEI, P.C.,  for its Verified Complaint to obtain judgment declaring the rights and legal

relations of the parties to this action states as follows:

## INTRODUCTION

1.      This is an action for a declaratory judgment pursuant to CPLR § 3017(b) defining

and declaring the rights, duties, obligations and legal relationships by and between the within

named parties.

2.      Plaintiff seeks a declaration that Plaintiff is not obligated to provide insurance

coverage with respect to the subject claim based on the non-involvement of its insured in the

alleged claim by a pedestrian.

3.      Plaintiff also seeks **reimbursement** for all monetary damages, together with the costs and disbursements of this action, from all Defendants, jointly and severally, except for MYKHAYLO IVANOV, ANASTAYSIYA IVANOVA, such amount shall be determined at inquest.

4.      Plaintiff issued an insurance policy to MYKHAYLO IVANOV covering a 2013 Honda (hereinafter "Progressive Vehicle") under policy number 905775167 (hereinafter "Policy").

5.      The Policy provides liability coverage for bodily injury and property damage claims brought against covered persons, mandatory personal injury protection for eligible persons (hereinafter "no-fault benefits") and uninsured motorist coverage to Insurance Law 3420 (f) (1) as a result of an accident.

## **PARTIES**

6.      Plaintiff is a foreign corporation authorized to do insurance business in the State of New York, maintaining offices in the County of Nassau, State of New York.

7.      Upon information and belief, at all times pertinent herein, the defendant, MYKHAYLO IVANOV, was an individual residing in the City of Pittsburgh, State of Pennsylvania.

8.      Upon information and belief, at all times pertinent herein, the defendant, ANASTAYSIYA IVANOVA, was an individual residing in the County of Richmond, State of New York.

9.      Upon information and belief, at all times pertinent herein, the defendant, YOLANDA BENTIVEGNA, was an individual residing in the County of Kings, State of New York.

10.     Upon information and belief, at all times pertinent herein, defendants BROOKLYN ANESTHESIA RESEARCH, P.C., DANIEL W. WILEN, ORTHOPAEDIC SURGERY, M.D., P.C. and NES MEDICAL SERVICES OF NEW YORK, P.C. were domestic professional corporations organized and existing under the laws of the State of New York.

11.     Upon information and belief, at all times pertinent herein, defendants HAMILTON PARK NURSING AND REHAB, LUTHERAN MEDICAL CENTER, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, NYU ANESTHESIA ASSOCIATES and NYU LUTHERAN ASSOCIATES were licensed medical professionals who transacted business in the State of New York.

12.     Upon information and belief, at all times pertinent herein, defendant METROPOLITAN JEWISH HOME CARE, INC. was a domestic not-for-profit corporation organized and existing under the laws of the State of New York.

13.     Upon information and belief, at all times pertinent herein, defendant QUANTUM MEDICAL RADIOLOGY OF CALIFORNIA, PC was a foreign business corporation that transacted business in the State of New York.

14.     Upon information and belief, at all times pertinent herein, defendant SENIORCARE EMERGENCY MEDICAL SERVICES, INC., was a domestic business corporation organized and existing under the laws of the State of New York.

## **VENUE**

15.     The basis for venue is the residence of the Plaintiff, which maintains an office within Nassau County.

## AS AND FOR A FIRST CAUSE OF ACTION

16.     Defendant, YOLANDA BENTIVEGNA, a pedestrian, caused herself to lay on the ground on December 23, 2015 at the intersection of 86th Street and Bay 29th Street, Brooklyn, New York.

17.     However, Defendant, YOLANDA BENTIVEGNA claimed to Plaintiff to have sustained injuries on December 23, 2015 at the intersection of 86th Street and Bay 29th Street, Brooklyn, New York as a result of contact with the Progressive Vehicle.

18.     The Progressive Vehicle was operated by ANASTAYSIA IVANOVA in the vicinity of the intersection of 86th Street and Bay 29th Street, Brooklyn, New York on December 23, 2015. However, at no time did the Progressive Vehicle come into contact with Defendant YOLANDA BENTIVEGNA for this loss.

19.     Progressive's investigation of this loss revealed that YOLANDA BENTIVEGNA is the sole source for the claimed contact with the Progressive Vehicle for this loss. An Examination Under Oath of YOLANDA BENTIVEGNA conducted on 4/1/16 revealed that she was unable to describe who she spoke to after the alleged incident, who called the police/ambulance, whether she even saw the Progressive Vehicle operator, and whether she even gave a statement to the police officers. YOLANDA BENTIVEGNA claimed that as a result of the contact, she "flew 10 feet" and landed on her side which is inconsistent with the low level of treatment she claimed to have received from the hospital. Furthermore, Progressive's investigation also revealed that YOLANDA BENTIVEGNA had sustained injuries in two prior slip and fall incidents on 6/28/04 and 8/20/00. When questioned specifically about these dates, YOLANDA BENTIVEGNA denied having slipped and fallen during those two dates and claimed that she has never slipped and fallen before.

20.    At her 4/4/16 EUO, ANASTAYSIA IVANOVA testified that no contact occurred between the Progressive Vehicle and YOLANDA BENTIVEGNA, and that YOLANDA BENTIVEGNA slowly lowered her body in front of the vehicle.

21.    ANASTAYSIA IVANOVA's account was corroborated by two eye-witnesses, Vito Serini and Yan Yiong Liu, both of whom said they had a clear view of the incident and both specified that YOLANDA BENTIVEGNA fell about two feet away from and in front of the Progressive Vehicle.

22.    The underlying incident of December 23, 2015 did not arise out of the use or operation of a motor vehicle and thus defendant YOLANDA BENTIVEGNA is not considered an eligible injured person under the Policy. The relevant portions of the Policy state as follows:

> PART II (A) –PERSONAL INJURY PROTECTION COVERAGE
> SECTION I: MANDATORY PERSONAL INJURY PROTECTION
> ENDORSEMENT
> The company will pay first-party benefits to reimburse for basic economic loss sustained by an eligible injured person on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle. . .
>
> Eligible Injured Person
> Subject to the exclusions and condions set forth below, an eligible injured person is:
> (a)    the named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle

23.    For the 12/23/15 loss, PROGRESSIVE received numerous requests for no-fault reimbursement for services claimed to have been rendered to YOLANDA BENTIVEGNA by Defendants BROOKLYN ANESTHESIA RESEARCH, P.C., DANIEL W. WILEN, ORTHOPAEDIC SURGERY, M.D., P.C., HAMILTON PARK NURSING AND REHAB, LUTHERAN MEDICAL CENTER, METROPOLITAN JEWISH HOME CARE, INC., NES MEDICAL SERVICES OF NEW YORK, P.C., NEW YORK CITY HEALTH AND

HOSPITALS CORPORATION, NYU ANESTHESIA ASSOCIATES, NYU LUTHERAN

ASSOCIATES, QUANTUM MEDICAL RADIOLOGY OF CALIFORNIA, PC and

SENIORCARE EMERGENCY MEDICAL SERVICES, INC.

24.     As a result of the aforesaid conduct, Plaintiff is entitled to a declaration that

Plaintiff has no contractual duty to provide coverage for any claims of bodily injury, no-fault

and/or uninsured motorist coverage made by Defendant YOLANDA BENTIVEGNA or on her

behalf by virtue of assignment of benefits to any of the other defendants as the claimed injuries

did not arise from the use or operation of a motor vehicle.

## AS AND FOR A SECOND CAUSE OF ACTION

25.     Plaintiff repeats, reiterates and realleges each and every allegation contained in all

prior paragraphs as if set forth fully herein

26.     The Policy only covers "accidents" not claims of injury resulting from intentional

acts. By virtue of the fact that Defendant YOLANDA BENTIVEGNA, if injured, brought those

injuries upon herself by her own acts, the following pertinent policy exclusions apply:

PART 1 – LIABILITY TO OTHERS
EXCLUSIONS
(9) Bodily injury or property damage caused by intentional act other than insured
person or at the direction of any insured person
PART 2 (A) PERSONAL INJURY PROTECTION COVERAGE EXCLUSIONS
3. To any person whose conduct contributed to his or her own bodily injury:
(a) Intentionally causing bodily injury to himself or herself

27.     As a result of the aforesaid conduct, Plaintiff is entitled to a declaration that

Plaintiff has no contractual duty to provide coverage for any claims of bodily injury, no-fault

and/or uninsured motorist claims made by Defendant YOLANDA BENTIVEGNA or on her

behalf by virtue of assignment of benefits to any of the other defendants.

28.    Plaintiff has no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION

29.    Plaintiff repeats, reiterates and reallages each and every allegation contained in all

prior paragraphs as if set forth fully herein.

30.    The terms of the policy include:

Fraud or Misrepresentation
We may cancel this policy and deny coverage under this policy at any time,
including after the occurrence of an accident or loss, if you:
1. Made incorrect statements or representations to us with regard to any material
fact or circumstance;
2. Concealed or misrepresented any material fact or circumstance or;
3. Engaged in fraudulent conduct;
At the time of application, or in connection with the presentation or settlement of
a claim.

31.    Defendant YOLANDA BENTIVEGNA materially misrepresented the facts and

circumstances of the underlying incident of December 23, 2015 with the intent to induce Plaintiff

to afford coverage and ultimately pay benefits to the defendant and the defendant's assignees.

32.    Defendant YOLANDA BENTIVEGNA made false statements with the purpose

and intent of deceiving and defrauding Plaintiff, to induce Plaintiff to provide liability coverage,

to pay bodily injury insurance proceeds and to afford no-fault and uninsured motorist benefits.

33.    Plaintiff justifiably relied upon statements of defendant YOLANDA

BENTIVEGNA, thereby suffering pecuniary loss arising out of the handling, adjusting and

investigation and defense of the claims.

34.    Defendant YOLANDA BENTIVEGNA knew the statements were false when

made.

35.     As a result of the aforesaid conduct, Plaintiff is entitled to a declaration that Plaintiff has no contractual duty to provide coverage for any claims of bodily injury, no-fault and/or uninsured motorist claims made by Defendant YOLANDA BENTIVEGNA or on her behalf by virtue of assignment of benefits to any of the other defendants.

36.     Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully requests a judgment against defendants on the First, Second and Third causes of action for a declaration that Plaintiff has no contractual duty to provide coverage for any claims of bodily injury, no-fault and/or uninsured motorist claims made by Defendant YOLANDA BENTIVEGNA or on her behalf by virtue of assignment of benefits to any of the other defendants arising from the claimed loss of 12/23/15, that Plaintiff shall receive reimbursement for all monetary damages, together with the costs and disbursements of this action, from all Defendants, jointly and severally, except for MYKHAYLO IVANOV, ANASTAYSIYA IVANOVA, such amount shall be determined at inquest, and such other and further relief as this Court may deem just and proper, including the costs and disbursements of this action.

Dated:      Garden City, New York
            May 31, 2016

                              McCORMACK & MATTEI, P.C.


                              By: _____
                              John McCormack, Esq.
                              Attorneys for Plaintiff
                              1035 Stewart Avenue – 2nd Floor and 3rd Floor
                              Garden City, New York 11530
                              (516) 505-0600 Ext. 221
                              T-1757.dj

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF ALBANY    )

      ELAINE CONLEY, being duly sworn, deposes and says:

      Deponent is employed by PROGRESSIVE CASUALTY INSURANCE COMPANY, a corporation responsible for the administration of the claims in the within action, and has read the foregoing Complaint and knows the contents thereof.  That the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.  This verification is made by deponent because Plaintiff is a corporation, and deponent is a representative thereof.

      The grounds of deponent's belief as to all matters not stated upon deponent's general knowledge are upon information and belief.

PROGRESSIVE CASUALTY INSURANCE COMPANY

By: _____
      ELAINE CONLEY

Sworn to before me this
31st day of MAY 2016

_____
NOTARY PUBLIC

Christopher R Kenny
Comm. Exp. 06/15/2019
NOTARY PUBLIC
Comm. No. 01KE6339246
Saratoga County, State of New York

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**
Index No.:

PROGRESSIVE SPECIALTYINSURANCE COMPANY,

Plaintiff(s),

-against-

IVANOV, et al.

Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

**MCCORMACK & MATTEI, P.C.**
**Attorneys at Law**
Attorneys for **PLAINTIFF**
Office and Post Office Address, Telephone
1035 Stewart Avenue
Garden City, New York 11530
(516) 505-0600

To
      Attorney(s) for Defendant

Service of a copy of the within ^ is hereby admitted
Dated,

^

.............................................................................
Attorney(s) for ^

Please take notice
☐ Notice of entry
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on
☐ Notice of Settlement
that an order ^ of which the within is a true copy will be presented for ^ settlement to the HON. ^ one of the judges
of the within named court, at ^
on ^
Dated,

^

To ^

Attorney(s) for ^

Yours, etc.
**MCCORMACK & MATTEI, P.C.**
Attorneys at Law
*Attorneys for*
*Office and Post Office Address*
1035 Stewart Avenue
Garden City, New York 11530
(516) 505-0600



16 - - 004050

# Exhibit D

**Maureen OConnell**
**County Clerk**
**Mineola, NY 11501**

---

**Ref ID#: IN 16 004050**

**Instrument Number: 2016- 00181122**
As

**C32 - STIPULATION OF DISCONTINUANCE**

**Recorded On:** August 05, 2016

**Parties:** PROGRESSIVE SPECIALTY INSURANCE CO

**TO** MYKHAYLO IVANOV

**Num Of Pages:**

**Recorded By:** MCCORMACK MATTEI P C

**Comment:**

---

**\*\* Examined and Charged as Follows: \*\***

C32 - STIPULATION OF DISCONT          35.00

   **Recording Charge:**          35.00

---

**\*\* THIS PAGE IS PART OF THE INSTRUMENT \*\***

I hereby certify that the within and foregoing was recorded in the Clerk's Office For:  Nassau County, NY

**File Information:**                                **Record and Return To:**

   Document Number: 2016- 00181122

   Receipt Number:  351316

   Recorded Date/Time: August 05, 2016 03:09:11P

   Book-Vol/Pg:

   Cashier / Station:  0 AAJ  /  NCCL-JCQWBP1

---



*Maureen O'Connell*

**County Clerk Maureen O'Connell**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

------------------------------------------------------X

PROGRESSIVE SPECIALTY INSURANCE COMPANY,

                        Plaintiff,

            -against-

MYKHAYLO IVANOV, ANASTAYSIYA IVANOVA,
YOLANDA BENTIVEGNA, BROOKLYN ANESTHESIA
RESEARCH, P.C., DANIEL W. WILEN, ORTHOPAEDIC
SURGERY, M.D., P.C., HAMILTON PARK NURSING AND
REHAB, LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., NES MEDICAL SERVICES OF
NEW YORK, P.C., NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, NYU ANESTHESIA
ASSOCIATES, NYU LUTHERAN ASSOCIATES, QUANTUM
MEDICAL RADIOLOGY OF CALIFORNIA, PC and
SENIORCARE EMERGENCY MEDICAL SERVICES, INC.,

                        Defendants.

------------------------------------------------------X

**STIPULATION OF
DISCONTINUANCE AS TO
DEFENDANT DANIEL W.
WILEN ONLY**

Index: 4050/16

      **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned that
DANIEL W. WILEN hereby withdraws with prejudice all claims for personal injury, UIM
benefits and no-fault benefits arising from the loss of 12/23/15 at the intersection of 86th Street
and Bay 29th Street, Brooklyn, New York under an insurance policy issued by Plaintiff to
MYKHAYLO IVANOV and whereas no party hereto is an infant, incompetent person for
whom a committee has been appointed and no person not a party has interest in the subject
matter of the action, the above entitled action is discontinued with prejudice against DANIEL W.
WILEN _only_, without costs to either party as against the other.

      This stipulation may be filed without further notice to the Clerk of the Court. Facsimiles
may be deemed originals and may be signed in counterparts.

Dated:       Garden City, New York
              August 5, 2016

_____
Florina Malakh, Esq.
McCORMACK & MATTEI, P.C.
Attorneys for Plaintiff
1035 Stewart Avenue, 2nd & 3rd Floor
Garden City, New York 11530
(516) 505-0600
File No.: T-1757.dj

_____
Daniel W. Wilen
DANIEL W. WILEN, ORTHOPAEDIC
SURGERY, M.D., P.C
9202 FT HAMILTON PKWY
BROOKLYN, NEW YORK, 11209

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU                                Index No.: 4050/16
_____

PROGRESSIVE SPECIALTY INSURANCE COMPANY,

                                    Plaintiff(s),

                -against-

MYKHAYLO IVANOV, et al.

                                    Defendants.
_____

## STIPULATION OF DISCONTINUANCE AS TO DEFENDANT DANIEL W. WILEN ONLY

_____

**MCCORMACK & MATTEI, P.C.**
Attorneys at Law
Attorneys for PLAINTIFF
Office and Post Office Address, Telephone
1035 Stewart Avenue
Garden City, New York 11530
(516) 505-0600

_____

To
          Attorney(s) for Defendant
_____
Service of a copy of the within ^ is hereby admitted
Dated,

^
                           ............................................................
                                Attorney(s) for ^
_____
Please take notice
☐ Notice of entry
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ Notice of Settlement
that an order ^ of which the within is a true copy will be presented for ^ settlement to the HON. ^ one of the judges
of the within named court, at ^
on ^
Dated,

^                                      Yours, etc.
                                       **MCCORMACK & MATTEI, P.C.**
                                       Attorneys at Law
To ^                                   *Attorneys for* ·
                                       *Office and Post Office Address*
Attorney(s) for ^                      1035 Stewart Avenue
                                       Garden City, New York 11530
                                       (516) 505-0600

# Exhibit E



**Nassau County**
**Maureen OConnell**
**County Clerk**
**Mineola, NY 11501**

---

**Ref ID#: IN 16 004050**

**Instrument Number: 2016- 00218091**
As
**C32 - STIPULATION OF DISCONTINUANCE**

Recorded On:   September 26, 2016
Parties:  PROGRESSIVE SPECIALTY INSURANCE CO

TO  MYKHAYLO IVANOV

**Num Of Pages:**

Recorded By:  MCCORMACK

**Comment:**

---

**\*\* Examined and Charged as Follows: \*\***

C32 - STIPULATION OF DISCONT          35.00

**Recording Charge:**          **35.00**

---

**\*\* THIS PAGE IS PART OF THE INSTRUMENT \*\***

I hereby certify that the within and foregoing was recorded in the Clerk's Office For:  Nassau County, NY

**File Information:**

Document Number:  2016- 00218091
Receipt Number:  403692
Recorded Date/Time:  September 26, 2016 02:46:43P
Book-Vol/Pg:
Cashier / Station:  0 AKK  /  NCCL-JCTXBP1

**Record and Return To:**



*Maureen O'Connell*

**County Clerk Maureen O'Connell**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**
-----------------------------------------------------------------X
PROGRESSIVE SPECIALTY INSURANCE COMPANY,

                                  Plaintiff,

           -against-

MYKHAYLO IVANOV, ANASTAYSIYA IVANOVA,
YOLANDA BENTIVEGNA, BROOKLYN ANESTHESIA
RESEARCH, P.C., DANIEL W. WILEN, ORTHOPAEDIC
SURGERY, M.D., P.C., HAMILTON PARK NURSING AND
REHAB, LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., NES MEDICAL SERVICES OF
NEW YORK, P.C., NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, NYU ANESTHESIA
ASSOCIATES, NYU LUTHERAN ASSOCIATES, QUANTUM
MEDICAL RADIOLOGY OF CALIFORNIA, PC and
SENIORCARE EMERGENCY MEDICAL SERVICES, INC.,

                               Defendants.
-----------------------------------------------------------------X

**STIPULATION OF**
**DISCONTINUANCE AS TO**
**METROPOLITAN JEWISH.**
**HOME CARE, INC ONLY**

Index: 004050/16

       **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned that METROPOLITAN JEWISH HOME CARE, INC. hereby withdraws with prejudice all claims for personal injury, UIM benefits and no-fault benefits arising from the loss of 12/23/15 at the intersection of 86th Street and Bay 29th Street, Brooklyn, New York under an insurance policy issued by Plaintiff to MYKHAYLO IVANOV and  whereas no party hereto is an infant, incompetent person for whom a committee has been appointed and no person not a party has interest in the subject matter of the action, the above entitled action is discontinued with prejudice against METROPOLITAN JEWISH HOME CARE, INC. **_only_**, without costs to either party as against the other.

       This stipulation may be filed without further notice to the Clerk of the Court.  Facsimiles may be deemed originals and may be signed in counterparts.

Dated:        Garden City, New York
                 September 23, 2016

_____

Florina Malash, Esq.
McCORMACK & MATTEI, P.C.
Attorneys for Plaintiff
1035 Stewart Avenue, 2nd & 3rd Floor
Garden City, New York 11530
(516) 505-0600 x 230
File No.: T-1757.dj

_____
By:
METROPOLITAN JEWISH HOME
CARE, INC.
6323 SEVENTH AVENUE
BROOKLYN, NEW YORK, 11220

SUPREME COURT OF THE STATE OF NEW YORK          Index No.: 004050/16
COUNTY OF NASSAU

PROGRESSIVE SPECIALTY INSURANCE COMPANY,

                                    Plaintiff(s),

          -against-

MYKHAYLO IVANOV, et al.

                                    Defendants.

## STIPULATION OF DISCONTINUANCE AS TO DEFENDANT METROPOLITAN JEWISH HOME CARE, INC. ONLY

**MCCORMACK & MATTEI, P.C.**
Attorneys at Law
Attorneys for **PLAINTIFF**
Office and Post Office Address, Telephone
1035 Stewart Avenue
Garden City, New York 11530
(516) 505-0600

To
          Attorney(s) for Defendant

Service of a copy of the within ^ is hereby admitted
Dated,

^
                    ............................................................................
                                    Attorney(s) for ^

Please take notice
☐ Notice of entry
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ Notice of Settlement
that an order ^ of which the within is a true copy will be presented for ^ settlement to the HON. ^ one of the judges
of the within named court, at ^
on ^
Dated,

^                                   Yours, etc.
                                    **MCCORMACK & MATTEI, P.C.**
                                    Attorneys at Law
To ^                                *Attorneys for*
                                    *Office and Post Office Address*
Attorney(s) for ^                   1035 Stewart Avenue
                                    Garden City, New York 11530
                                    (516) 505-0600

# Exhibit F

At IAS Part 9 of the Supreme Court of
the State of New York in and for the
County of Kings, at the
Courthouse, located at 360 Adams
Street, Brooklyn, New York, County of
Kings, State of New York on
the 14th day of _February_, 2019.

PRESENT:

      Hon. Debra Silber,
         Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

PROGRESSIVE SPECIALTY INSURANCE COMPANY,

                        Plaintiff,

         -against-

MYKHAYLO IVANOV, ANASTAYSIYA IVANOVA,
YOLANDA BENTIVEGNA, BROOKLYN ANESTHESIA
RESEARCH, P.C., DANIEL W. WILEN, ORTHOPAEDIC
SURGERY, M.D., P.C., HAMILTON PARK NURSING AND
REHAB, LUTHERAN MEDICAL CENTER, METROPOLITAN
JEWISH HOME CARE, INC., NES MEDICAL SERVICES OF
NEW YORK, P.C., NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, NYU ANESTHESIA
ASSOCIATES, NYU LUTHERAN ASSOCIATES, QUANTUM
MEDICAL RADIOLOGY OF CALIFORNIA, PC and
SENIORCARE EMERGENCY MEDICAL SERVICES, INC.,

                        Defendants.

DECLARATORY

**JUDGMENT**

Index No.: 518199/16

MS #3

Plaintiff, PROGRESSIVE SPECIALTY INSURANCE COMPANY, having

moved this Court for an Order granting **judgment on default** pursuant to CPLR § 3215

as to Defendants

        BROOKLYN ANESTHESIA RESEARCH, P.C., LUTHERAN
        MEDICAL CENTER, NES MEDICAL SERVICES OF NEW YORK,
        P.C., NYU ANESTHESIA ASSOCIATES, NYU LUTHERAN
        ASSOCIATES, QUANTUM MEDICAL RADIOLOGY OF
        CALIFORNIA, PC and SENIORCARE EMERGENCY MEDICAL
        SERVICES, INC.,

and for such other and further relief as this Court may deem just and proper,

*The Notice of Motion dated Dec. 6, 2018, the affirmation in support dated Dec 6, 2018 and exhibits attached included.*

**NOW** upon the reading and filing ~~of~~ the Plaintiff's Notice of Motion, dated July 7, 2017, together with the Affirmation in Support dated July 7, 2017, the Affidavit of Elaine Conley, dated May 19, 2017, and all exhibits annexed thereto, and there being no opposition thereto, and this Motion having been duly heard on ~~September 14, 2017~~ *February 14, 2019*, and there being an Order of Honorable Devin P. Cohen, dated September 14, 2017, and entered with the Clerk of this Court on September 14, 2017, with service of said Order with notice of its entry duly served by Plaintiff upon Defendants on October 2, 2017, it is hereby

*DECLARED,*

**ADJUDGED and DECREED** that, with respect to the defaulting defendants,*** the subject policy is null and void with respect to the subject loss of December 23, 2015, Plaintiff is under no obligation to provide liability coverage with respect to the subject loss, Plaintiff has no duty to defend or indemnify the defaulting defendants with respect to the subject loss in any pending or future actions that have been or may be brought as a result of the subject loss, Plaintiff has no duty to provide coverage for claims for no-fault or uninsured motorist benefits made by or on behalf of any of the defaulting defendants in connection with the subject loss and Plaintiff has waived any monetary damages it may have been entitled to with respect to the defaulting Defendants. *This action has previously been discontinued as against the other defendants.*

ENTER:

_____

Hon. Debra Silber, J.S.C.

**Hon. Debra Silber**
**Justice Supreme Court**

NANCY T. SUNSHINE
Clerk

Nancy T. Sunshine

***** *Insuring As Ivanov and Ivanova*

* BROOKLYN ANESTHESIA RESEARCH, P.C., LUTHERAN MEDICAL CENTER, NES MEDICAL SERVICES OF NEW YORK, P.C., NYU ANESTHESIA ASSOCIATES, NYU LUTHERAN ASSOCIATES, QUANTUM MEDICAL RADIOLOGY OF CALIFORNIA, PC and SENIORCARE EMERGENCY MEDICAL SERVICES, INC.,