UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and the States of CALIFORNIA,
CONNECTICUT, FLORIDA,
ILLINOIS, MASSACHUSETTS,
MICHIGAN, NEW YORK, OHIO,
RHODE ISLAND, and TEXAS, and
the Government of PUERTO RICO,
*ex rel.* MSP WB, LLC, and *ex rel.*
MICHAEL ANGELO,

          Plaintiffs-Relators,

      v.

STATE FARM MUT. AUTO. INS.
CO., *et al.*

          Defendants.

No. 4:19-cv-12165-SDD-APP
Hon. Stephanie Dawkins Davis
Mag. Judge Anthony P. Patti

# RELATORS' BRIEF IN RESPONSE TO CSAA DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

## **STATEMENT OF THE ISSUES PRESENTED**

I. Whether Relators failed to satisfy pleading requirements under Rule 9(b)?

   ANSWER: NO.

II. Whether Relators lack standing in the present matter?

   ANSWER: NO.

## **TABLE OF CONTENTS**

**CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iv

INTRODUCTION ......................................................................................................1

ARGUMENT ..............................................................................................................1

   I.   THE COMPLAINT IS SUFFICIENTLY PLEADED UNDER RULE 9(b)...1

   II.  RELATORS HAVE STANDING..................................................................5

CONCLUSION ...........................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Beck v. FCA US LLC*,
273 F. Supp. 3d 735 (E.D. Mich. 2017) ................................................................. 3

*Dornberger v. Metro. Life Ins. Co.*,
961 F. Supp. 506 (S.D.N.Y. 1997) ......................................................................... 1

*Foman v. Davis*,
371 U.S. 178, (1962) .............................................................................................. 9

*In re Consumers Power Co. Sec. Litig.*,
105 F.R.D. 583 (E.D. Mich. 1985) ........................................................................ 2

*Johnson v. Geico Cas. Co.*,
673 F. Supp. 2d 244 (D. Del. 2009) ....................................................................... 6

*MSP Recovery Claims v. Auto Club Ins. Ass'n*,
2021 WL 5234501 (E.D. Mich. Nov. 10, 2021) ................................................... 2

*Perez v. State Farm Mut. Auto. Ins. Co.*,
2011 WL 5833636 (N.D. Cal. Nov. 15, 2011) ..................................................... 6

*Perry v. Allstate Indem. Co.*,
953 F.3d 417 (6th Cir. 2020) ................................................................................. 6

*Republic Bank & Tr. Co. v. Bear Stearns & Co.*,
683 F.3d 239 (6th Cir. 2012) ................................................................................. 7

*Smith & Nephew, Inc. v. Federal Insurance Co.*,
113 Fed. Appx. 99 (6th Cir. 2004) ........................................................................ 8

*Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co., Inc.*,
2007 WL 1231560 (W.D. Ky. Apr. 24, 2007) ...................................................... 8

*U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*,
501 F.3d 493 (6th Cir. 2007) ............................................................................ 5, 7

*U.S. ex rel. Lynch v. Univ. of Cincinnati Med. Ctr., LLC*,
2020 WL 1322790 (S.D. Ohio Mar. 20, 2020) ..................................................... 1

*U.S. ex rel. Matheny v. Medco Health Sols., Inc.*,
671 F.3d 1217 (11th Cir. 2012) ............................................................................. 5

*U.S. ex rel. Prather v. Brookdale Senior Living Communities, Inc.*,
838 F.3d 750 (6th Cir. 2016) ................................................................................. 7

*U.S. ex rel. Silingo v. Wellpoint, Inc.*,
904 F.3d 667 (9th Cir. 2018) ................................................................................. 1

*U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*,
532 F.3d 496 (6th Cir. 2008) ................................................................................. 5

*U.S. ex rel. Takemoto v. Nationwide Mut. Ins. Co.*,
674 F.Appx. 92 (2nd Cir. 2017) ............................................................................ 4

*U.S. v. Napper*,
  2021 WL 4992651 (M.D. Tenn. Oct. 27, 2021) ................................................ 7, 9
*U.S. v. Stone*,
  323 F.Supp.2d 886 (E.D. Tenn. 2004) ................................................................. 8
*Williams v. Duke Energy Int'l, Inc.*,
  681 F.3d 788 (6th Cir. 2012) ............................................................................... 8

Rules

Fed. R. Civ. Pro. 15(a) ............................................................................................. 9

# INTRODUCTION

In their Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint (the "Motion") (ECF 331), the CSAA Defendants (collectively "CSAA") argue that the First Amended Complaint ("FAC" or "Complaint") must be dismissed with prejudice because: (1) CSAA did not write or issue the subject insurance policies; (2) the Complaint does not satisfy Rule 9(b); and (3) Relators failed to provide an exemplar for CSAA. CSAA unsuccessfully brings several arguments identical to those in the Defendants' omnibus motion to dismiss ("MTD") (ECF 338). Once again here, the arguments fail.[1]

# ARGUMENT

## I. THE COMPLAINT IS SUFFICIENTLY PLEADED UNDER RULE 9(b)

CSAA rehashes an argument from the MTD and argues that Relators failed to plead with particularity because they "lumped" Defendants together. ECF No. 331, PageID.1916. Case law makes abundantly clear that pleading that several defendants all committed the same fraud and had the same role is permissible, especially when any lack of precision is due to defendant's own obfuscation.[2]

---

[1] Relators incorporate and adopt Relators' Response to Defendants' Omnibus Motion to Dismiss the First Amended Complaint ("Opposition").

[2] *See, e.g., U.S. ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 678 (9th Cir. 2018) ("[I]f a fraudulent scheme resembles a wheel conspiracy, then any parallel actions

1

Rule 9(b) does not require as stringent a pleading as CSAA argues, and the Complaint satisfies the rule's heightened pleading requirement. The Complaint alleges that every Primary Plan insurance defendant (the "Primary Payers") had the exact same role in the scheme, and also provides details of the far-reaching scheme involving Insurance Services Office, Inc. ("ISO"). Rule 9(b) does not require that the plaintiff allege specific instances of fraud against each defendant. *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 593 (E.D. Mich. 1985) (noting that when "a plaintiff sues individual group members on the basis of the collective product of the group, specific allegations about the role of each defendant are unnecessary.").

This Court recently considered a similar group pleading argument in *MSP Recovery Claims v. Auto Club Ins. As'n*, No. 21-11606, 2021 WL 5234501, at *4 (E.D. Mich. Nov. 10, 2021). There, several Auto Club corporate entities were grouped together in a claim that they skirted their reimbursement obligations by not

---

of the 'spokes' can be addressed by collective allegations."); *U.S. ex rel. Lynch v. Univ. of Cincinnati Med. Ctr., LLC*, 2020 WL 1322790, at *30 (S.D. Ohio Mar. 20, 2020); *Dornberger v. Metro. Life Ins. Co.*, 961 F. Supp. 506, 529 (S.D.N.Y. 1997) ("Plaintiff cannot be expected to plead the precise details of every Defendant's role in the scheme, for such information is peculiarly within Defendants' knowledge. . . [I]t is sufficient that Plaintiff has pled the existence of a large fraudulent scheme—a scheme so large that the inference unavoidably arises that the individual Defendants . . . were aware of or participated in it.").

2

reporting and misreporting pursuant to Section 111. The Court held that, despite plaintiffs' inability to "conclusively identify which Defendant is the primary payer for each claim, they do provide sufficient allegations to put the Defendants on notice of the grounds upon which each claim rests." *Id.* at 4.

CSAA argues that Relators failed to allege the "who what where and how" of CSAA' failure to repay the Government. ECF No. 331, PageID.1915. This Court's holding in *Beck v. FCA US LLC*, dispatches with this argument. 273 F. Supp. 3d 735, 751-752 (E.D. Mich. 2017). The *Beck* Court held:

> Beck has adequately pleaded the "who" (FCA), the "what" (knowing about, yet failing to disclose, the alleged [] defect), the "when" (from the time the vehicles were first placed on the market in 2012 to the present day), the "where" (the various channels through which FCA sold the class vehicles . . .), and the "how" (if Beck and the class members had known of the alleged defect, they would have not purchased or leased the class vehicles, or they would have paid less for them). Thus, Beck has satisfied the pleading requirements for Rule 9(b).

*Id.* Applying this analysis to the present case, Relators have pleaded the "who" (CSAA) (FAC ¶ 97–138); the "what" (knowingly violating its Section 111 obligations to report its primary payer status for claims involving Medicare beneficiaries, thereby eliminating CMS's ability to coordinate payments with and seek reimbursement from Defendants (i.e. obligations owed to the Government), and similarly inflating the costs borne by CMS to fund the MA system by concealing or decreasing MAOs' obligations to remit cost savings to CMS) (FAC, ¶ 477–90); the

3

"when" (from the effective date of the Section 111 requirements to the present) (FAC ¶¶ 406, 477–90); the "where" (the various venues, both in-house and through ISO, where Section 111 reporting is completed) (FAC ¶ 477–98); and the "how" (by (1) knowingly creating and maintaining a system that lacks the necessary information to accurately and completely file Section 111 reports; (2) systematically failing and refusing to investigate the Medicare status of their claimants; and (3) intentionally fail and refuse to report required claims after being put on actual notice of their noncompliance) (FAC ¶ 472–75).

Further, like the MTD, CSAA's reliance on *U.S. ex rel. Takemoto v. Nationwide Mut. Ins. Co.* is misplaced, as the *Takemoto* complaint was dismissed because it was devoid of factual allegations, not because it involved allegations against groups of defendants. 674 Fed. App'x. 92, 95 (2d Cir. 2017) (Allegations were merely speculative "based on the facts that approximately 17% of the population are Medicare beneficiaries and that defendants issue settlements, judgments, or awards for 'tens of thousands of claims involving Medicare beneficiaries' each year. . . . [T]hese facts are insufficient to give rise to a plausible inference of an obligation on the part of any defendant.").

Here, nearly all of the "non-exemplar" Defendants are directly implicated by one of the representative claims from their affiliate entities. FAC, Appendix B. at

4

154–71.³ This is sufficient. "'[W]here a relator pleads a complex and far-reaching fraudulent scheme with particularity, and provides examples of specific false claims submitted to the government pursuant to that scheme,' those examples may suffice where they are 'representative samples of the broader class of claims.'" *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) (quoting *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 510 (6th Cir. 2007). This is especially true here since it is the Defendants' own lack of transparency that makes it impossible to conclusively identify the precise Responsible Reporting Entity ("RRE") and insuring entity. FAC, ¶ 485–90. Given that CMS allows parent entities to register as an RRE for any subsidiary regardless of whether the parent would otherwise qualify as an RRE, it is enough at the pleading stage to present a representative claim for each corporate structure. *See U.S. ex rel. Matheny v. Medco Health Sols., Inc.*, 671 F.3d 1217, 1223–24 (11th Cir. 2012).⁴

## II.     RELATORS HAVE STANDING

CSAA argues that Relators failed to allege that CSAA wrote or issued the insurance policies that are the subject of this lawsuit and therefore lack standing. Relators alleged that CSAA wrote or issued the insurance policies in question where they failed to report their primary payer responsibility. *See e.g.* FAC, ¶ 510-515. The

---

³ Relators address the lack of a CSAA exemplar in Section II, *infra*.
⁴ *See generally*, note 1, *supra*.

cases on which CSAA relies (*Perry*, *Johnson*, & *Perez*) are inapposite. They involved individual plaintiffs bringing basic insurance claims against affiliated corporate entities that had nothing do to with those claims. There were no allegations in the complaint against those unrelated entities.[5] The insurance policies in question were also not representative of a class of claims since the named policies constituted the entire universe of claims relevant to that case. Here, however, Relators *do* allege that CSAA issued the insurance policies. *See e.g.* FAC, ¶ 510–15. Further, the Complaint provides statistical evidence of the number of unreported claims that Relators were able to identify. *Id.* The exemplars are representative of how the fraudulent scheme (of which CSAA is a part of) was carried out in discrete fashion. Therefore, Relators sufficiently established standing as to CSAA.

CSAA further argues that Relators lack standing because there is no exemplar claim for CSAA and therefore, there is no injury to the Government traceable to CSAA. ECF No. 331, PageID.1918. This argument fares no better. The Sixth Circuit does not require a representative example for each Defendant, particularly when the allegations regarding the perpetrated scheme are "complex and far-reaching." *U.S.*

---

[5] *Perry v. Allstate Indem. Co.*, 953 F.3d 417, 420 (6th Cir. 2020) (dismissing claims against Allstate entities where "[plaintiff] concedes that the remaining Allstate entities are not parties to the policy at issue in this case."); *Johnson v. Geico Cas. Co.*, 673 F. Supp. 2d 244, 254 (D. Del. 2009) (finding that the specific individual plaintiff had standing against the insurer that issued the policy.); *Perez v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 5833636, *2 (N.D. Cal. Nov. 15, 2011) (similar)

6

*ex. Rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007). Accordingly, where, as here, a relator pleads a "complex and far-reaching fraudulent scheme with particularity, and provides examples of specific [FCA violations] pursuant to that scheme, a relator may proceed to discovery on the entire fraudulent scheme." *Id.* As such, the lack of a CSAA exemplar is not dispositive of the FCA claims and Relators sufficiently alleged facts establishing an injury to the Government traceable to CSAA.

In addition, the need to plead specific false claims may be disregarded for sufficiently compelling reasons. *U.S. v. Napper*, 2021 WL 4992651, at *12 (M.D. Tenn. Oct. 27, 2021). As noted above and in the Opposition, compelling reasons to relax such a requirement exist here, as the claims involve omission-based fraud and the necessary information is in the exclusive control of the Defendants. *See* Opposition, Section I(A)(1); *see e.g. Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 256 (6th Cir. 2012) (fraud by omission); *U.S. ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.* 838 F.3d 750, 769 (6th Cir. 2016) (strong inference); *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012) (information in defendant's control).

Furthermore, the absence of an exemplar does not preclude Relators' well pleaded conspiracy claim. Relators alleged that Defendant ISO conspired with the Primary Payers, including CSAA, to file inaccurate reports with CMS to decrease

7

their obligations to the Government by: (1) delegating their reporting requirements to ISO, and (2) withholding data from CMS, thereby actively concealing the Primary Payers' obligation to pay or reimburse the Government. FAC ¶¶ 3, 7, 17, 357–59, 421, 476, 491–98, 504. The Complaint included allegations of *overt acts* by ISO, deposition testimony, and exemplars of other Primary Payers to further demonstrate ISO's fraudulent reporting.[6] It is well-established law that "in a civil conspiracy, the acts of one co-conspirator are attributable to another, and each co-conspirator is liable for the acts of another." *Smith & Nephew, Inc. v. Fed. Ins. Co.,* 113 Fed. App'x. 99, 103 (6th Cir. 2004); *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co., Inc.*, 2007 WL 1231560, at *3 (W.D. Ky. Apr. 24, 2007), *aff'd*, 598 F.3d 257 (6th Cir. 2010). CSAA is an integral part of the conspiracy and, therefore, is liable for the acts of other co-conspirators, even if a CSAA exemplar was not attached to the Complaint.

Alternatively, if the Court were to require Relators to include a representative claim for each CSAA defendant, then Relators should be permitted to amend their Complaint to add additional exemplars related to Defendant's FCA violations. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[6] An *overt act* is "an act to effect the object of the conspiracy." *U.S. v. Stone*, 323 F. Supp. 2d 886, 889 (E.D. Tenn. 2004).

In fact, as explained by one district court, if the lack of examples were the only reason justifying dismissal, it was "ordinary practice . . . when a plaintiff has made a technical and potentially easily rectified pleading error . . . to afford the plaintiff the opportunity to rectify its oversight and allow its claims to stand on the overall merits of the pleadings." *Napper*, 2021 WL 4992651, at *12. This Court should follow the same procedure here, as adding exemplars for CSAA is a "technical and…easily rectified pleading error." *Id.*

## **CONCLUSION**

For all the foregoing reasons, and for the reasons set forth in Relators' Response to Defendants' Omnibus Motion to Dismiss, Relators respectfully request the Court deny Defendants' motions.

        Respectfully submitted,

        AKEEL & VALENTINE, PLC

By: /s/:  Shereef H. Akeel
     Shereef H. Akeel (P54345)
     Adam S. Akeel (P81328)
     Sam Simkins (P81210)
     AKEEL & VALENTINE, PLC
     888 West Big Beaver Road, Suite 420
     Troy, MI  48084
     Shereef@akeelvalentine.com
     Adam@akeelvalentine.com
     Sam@akeelvalentine.com

     John H. Ruiz (Fla. Bar No.: 928150)
     Robert Strongarone (Fla. Bar No.:118931)
     John W. Cleary (FL Bar No. 118137)
     MSP RECOVERY LAW FIRM
     2701 S. LeJeune Rd., 10th Floor
     Coral Gables, FL 33134
     jruiz@msprecoverylawfirm.com
     rstrongarone@msprecoverylawfirm.com
     jcleary@msprecoverylawfirm.com

     ***Attorneys for Plaintiffs-Relators***

Dated: February 15, 2022

## **CERTIFICATE OF SERVICE**

 I hereby certify that, on February 15, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

               s/ Adam S. Akeel