UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA and
the States of CALIFORNIA,
CONNECTICUT, FLORIDA,
ILLINOIS, MASSACHUSETTS,
MICHIGAN, NEW YORK, OHIO,
RHODE ISLAND, and TEXAS, and
the Government of PUERTO RICO,
ex rel. MSP WB, LLC, and ex rel.
MICHAEL ANGELO,

    Plaintiffs-Relators,

v.

STATE FARM MUT. AUTO. INS.
CO., *et al*.

    Defendants.

_____/

No. 4:19-cv-12165-SDD-APP
Hon. Stephanie Dawkins Davis
Mag. Judge Anthony P. Patti

## RELATOR MSP WB'S MOTION
## TO STRIKE OR DISREGARD NEW ARGUMENTS

*Qui tam* Relator MSP WB, LLC ("MSP WB"), respectfully requests that this Court disregard or strike from the record new arguments that Defendants improperly presented in several of their reply briefs filed to support their omnibus and supplemental motions to dismiss.

In support thereof, Relator states:

1. On December 15, 2021, Defendants collectively filed 10 Motions to Dismiss [Dkt 329–335, 339–341] and an accompanying Motion Requesting Judicial Notice [Dkt# 338] (collectively, "MTD Motions").

2. Realtor MSP WB timely filed responses in opposition to the MTD Motions [Dkt 366-76] (collectively, "Opposition Briefs").

3. Defendants then filed their reply briefs in support of all eleven motions [Dkt 380-85, 388-92] (collectively, "Reply Briefs").

4. Defendants improperly raised several new issues across six of the eleven Reply Briefs. This instant motion concerns four of those Briefs: Defendants' Omnibus Reply [Dkt 390], Defendants' Judicial Notice Reply [Dkt 389], Erie's Supplemental Reply [Dkt 384], and Kemper's Supplemental Reply [Dkt 383] (collectively, "New Issue Replies").[1]

5. "It is well established that a reply brief is not the proper place to raise new arguments or facts." *See U.S. v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009).

6. Courts may strike or disregard arguments that are made for the first time in a reply brief. *See Baker v. Union Twp., Ohio*, No. 1:12–cv–112, 2013 WL 4502736, at *13 (S.D. Ohio Aug. 22, 2013).

---

[1] Contemporaneously with the filing of this instant motion, Relator is filing two Motions for Leave to File a Surreply (with attached proposed surreplies) to address the new issues raised in the ISO Supplemental Reply [Dkt 388] and State Farm Supplemental Reply [Dkt. 392].

7. In the below Brief in Support, Relator details exactly which portions of Defendants' briefs ought to be stricken or disregarded by the Court.

8. Relator MSP WB sought concurrence from Defendants on the relief requested herein via Email on April 7, 2022. Concurrence was not given, thereby necessitating the need to file this Motion.

9. For the reasons stated in their Brief in Support, Plaintiffs respectfully requests that this Court **GRANT** Relator's Motion.

Dated: April 8, 2022                           Respectfully Submitted:

*/s/ Shereef H. Akeel*
**AKEEL & VALENTINE, PLC**
888 W. Big Beaver Road, Ste. 420
Troy, MI 48084
(248) 269-9595
Shereef H. Akeel (P54345)
Adam Akeel (P81328)
Samuel R. Simkins (P81210)
shereef@akeelvalentine.com
adam@akeelvalentine.com
Sam@akeelvalentine.com

**MSP RECOVERY LAW FIRM**
2701 S. Le Jeune Rd.
10th Floor
Coral Gables, Florida 33134
Telephone: (305) 614-2222
serve@msprecoverylawfirm.com

/s/ Ryan H. Susman
Ryan H. Susman
Fla. Bar No.: 1010444
rsusman@msprecoverylawfirm.com

John H. Ruiz
Fla. Bar No.: 928150
jruiz@msprecoverylawfirm.com
serve@msprecoverylawfirm.com

Robert Strongarone
Fla. Bar No.: 118931
rstrongarone@msprecoverylawfirm.com

***Attorneys for Relator MSP WB, LLC***

iv

## **BRIEF IN SUPPORT OF RELATOR MSP WB'S MOTION**

Relator MSP WB respectfully requests that this Court disregard or strike from the record the new arguments that Defendants improperly presented in several of their reply briefs filed to support of their omnibus and supplemental motions to dismiss.

## **Introduction**

Despite voluminous briefing in Defendants' opening briefs, they raised several new issues for the first time in reply. Specifically, this motion addresses the new arguments made in Omnibus Reply Brief [Dkt 390], Defendants' Judicial Notice Reply [Dkt 389], Erie's Supplemental Reply [Dkt 384], and Kemper's Supplemental Reply [Dkt 383] (collectively, "New Issue Replies"). The sole purpose of a reply brief is "respond to arguments raised" in the non-movant's response. *U.S. v. Campbell,* 279 F.3d 392, 401 (6th Cir.2002). On a Rule 12(b)(6) motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008)). The moving party "bears the burden of explaining . . . why dismissal is appropriate" and it is fundamentally unfair for a moving party to assert new arguments and present new authority for the first time in its reply brief. *Evans v. Vanderbilt Univ. Sch. of Med.*, 2022 WL 666971, at *4 (M.D. Tenn. Mar. 4, 2022).

For the reasons herein, MSP WB asks the Court to strike or disregard these new arguments in evaluating whether Defendants have carried their burden.

## **Legal Standard**

It is well established that a reply brief is not the proper place to raise new arguments or facts. *U.S. v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009) (holding that the court is "precluded from considering" new arguments raised in a reply); *U.S. v. Campbell,* 279 F.3d 392, 401 (6th Cir.2002) ("[T]he appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief." (citation omitted)).

The Sixth Circuit has consistently held that a party waives an issue that is raised for the first time in a reply brief. *See Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003) (new arguments in a reply brief vitiate a nonmovant's ability to respond); *U.S. v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) ("We generally will not hear issues raised for the first time in a reply brief."); *Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) ("Since defendant was deprived of an opportunity to address the issue by plaintiff's failure to raise this issue in his original brief, we will consider the issue waived."); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (same). A reply brief is a response to arguments made in the response brief, "it does not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Allen v. Hardrock HDD, Inc.*, 2018 WL

2363924, at *6 (E.D. Mich. May 24, 2018); *see also U.S. v. Jerkins*, 871 F.2d 598, 602 n.3 (6th Cir. 1989) ("It is impermissible to mention an issue for the first time in a reply brief because the [opponent] then has no opportunity to respond.")

Courts may disregard arguments that are made for the first time in a reply brief. *See Baker v. Union Twp., Ohio*, No. 1:12–cv–112, 2013 WL 4502736, at *13 (S.D. Ohio Aug. 22, 2013) ("An issue raised for the first time in a reply brief has not been fully briefed, and thus, is not appropriate for decision."). Courts also have "broad discretion to grant a motion to strike." *Frisby v. Keith D. Weiner & Assocs. Co., LPA*, 669 F. Supp. 2d 863, 867 (N.D. Ohio 2009). Lastly, while a surreply may help alleviate the prejudice from the new arguments, "doing so would also eliminate the incentive for movants to include all of the grounds for their motion in their initial brief." *Hamilton v. Pike Cty., Ky.*, 2013 WL 529936, at *14 (E.D. Ky. Feb. 11, 2013).

## Argument

Despite the well-established rules stated above, Defendants underhandedly presented new arguments before this Court. Thus, the following are inappropriate for this Court's deliberation:

### *Omnibus Reply Brief*

Regarding Relators' indirect reverse false claim argument, Defendants' state in their Omnibus reply that "this argument also fails for several reasons. First, the Sixth Circuit has not adopted *Caremark* and its theory of an 'indirect' reverse FCA

3

violation." [Dkt.# 390, PageID.4682]. However, this is not the argument that Defendants made in their opening brief on this same issue:

> The Complaint makes passing reference to an "indirect reverse false claim" theory, predicated on the contention that insurers' alleged failures to reimburse MAOs caused "Government Health Programs" to pay "government contractors" more than they otherwise would have paid. Compl. ¶ 16 & n.8 (citing *United States v. Caremark, Inc.*, 634 F.3d 808, 815–17 (5th Cir. 2011)). Under *Caremark*, however, the Complaint still must plead that a defendant's conduct impaired "an obligation to pay or transmit money or property to the Government." 634 F.3d 816– 17. [Dkt.# 338, PageID.2013].

Further, Defendants cannot disregard this discrepancy as simply a "respon[se] to arguments raised for the first time in [Relators'] brief" (*Campbell*, 279 F.3d at 401) because they themselves recognize that Relators cited the *Caremark* decision in the Amended Complaint. AC at ¶ 16, n. 8.

Not only have Defendants ignored the four obligations that MAOs owe to CMS, they now argue, for the first time, that the indirect reverse false claim itself is not a viable theory of recovery. [Dkt 390, PgID 4681]. Once again, Defendants' omnibus motion to dismiss recognizes the reverse false claim theory[2] without any argument there that it is not a viable theory in the Sixth Circuit. Defendants' impermissible new argument should be stricken.

---

[2] Dkt# 338, PageID.2014 ("The FCA's reverse false claims provision addresses fraudulent conduct that impairs existing obligations to the Government, not conduct that allegedly will result in future loss based on an attenuated theory of causation.").

4

*Request for Judicial Notice*

Defendants make a several new arguments in their judicial notice reply, each of which must be stricken and/or disregarded. The following arguments are raised for the first time in reply.

**First**:

> Defendants seek judicial notice of the existence of these news articles and 'what they say,' which is 'not subject to reasonable dispute.' *Davidson v. Warden, Warren Corr. Inst.*, 2021 WL 1964487, at *2 (S.D. Ohio May 17, 2021).

[Dkt# 389, PgID 4651]. By comparison, the totality of Defendants' opening brief argument for taking judicial notice of 34 news articles is "[t]his Court may properly take judicial notice of the existence of news articles available on the Internet in the context of the False Claims Act's ("FCA") public disclosure bar." [Dkt# 338, PgID 2059]. In their Opening Brief, Defendants never argued—as required to support a judicial notice request—that the articles are relevant and that their significance is beyond reasonable dispute.

**Second**:

> [C]omplaints, notices of complaints, dockets, and other court filings, as well as information contained on the Delaware Department of State's website, are routinely the subject of judicial notice. *See, e.g., U.S. ex rel. Holloway v. Heartland Hospice, Inc.*, 960 F.3d 836, 844 (6th Cir. 2020) (taking judicial notice of a complaint to determine whether the public disclosure bar warranted dismissal of FCA claim); *U.S. v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) ("Judicial records are a source of 'reasonably indisputable accuracy' . . . .").

5

[Dkt# 389, PgID 4653]. Defendants must have realized that their opening brief offered no supporting argument for their judicial notice request of eight complaints and dockets. For context, here is what they originally argued:

> In FCA cases, "[c]ourts may take judicial notice of publicly filed documents . . . at the Rule 12(b)(6) stage." *U.S. ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (taking judicial notice of transcript of public hearing and Special Master's report in a different case). This includes publicly-filed discovery documents. *United States ex rel. Fry v. Health All. of Greater Cincinnati*, 2009 WL 1324164, at *11 (S.D. Ohio 2009) (explaining that the court can take judicial notice of discovery documents filed on public docket).

[Dkt# 339, PgID 2063]. Defendants make no mention of admissibility of complaints in their motion requesting judicial notice and fail to provide any case law regarding the taking judicial notice of complaints. Defendants' omissions cannot be backfilled by their reply.

**Third**, Defendants argue that "[t]he Sixth Circuit has rejected the argument that a confidential court filing is not a public record. *See Hancock v. Miller*, 852 F. App'x 914, 920 (6th Cir. 2021)." [Dkt# 389, PgID 4654]. There is nothing even close to this argument in Defendants' opening brief and it should therefore be disregarded.

**Fourth**, Defendants assert in reply that "[t]he lawsuits summarized in Exhibit 47 (ECF No. 339-47) show that Relator MSP and its affiliates have filed identical meritless allegations in federal courts prior to the instant suit." *Id.* Defendants offer no analysis or support for the proposition that the 144 non-FCA cases listed in

6

exhibit 47 are "identical" to the instance action—not to mention the lack of argument as to their relevance. Moreover, this is different than what Defendants argued in their opening brief, which was that these "144 lawsuits initiated by Relator MSP WB, LLC's affiliated entities [] assert claims related to the Medicare Secondary Payer Act." [Dkt# 339, PgID 2065].

Defendants make no mention of admissibility of complaints in their motion requesting judicial notice and fail to provide any case law regarding the taking judicial notice of complaints. [Dkt # at PageID.2063-64].The Court should strike or disregard all of these new arguments. The court has consistently held that it "will not do the work for the parties . . .. *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) (cleaned up). As the moving party, Defendants were required to carry the "burden of explaining" *why* they were entitled to the relief sought. *Evans*, 2022 WL 666971, at *4 (M.D. Tenn. Mar. 4, 2022). Their opening brief made no attempt to do so, and this fatal deficiency cannot be cured on reply.

"It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *U.S. v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014). Defendants failed to adequately support their initial motion requesting judicial notice and improperly attempt to utilize the reply brief to advance new arguments that they could have and should have, included in their initial motion; therefore, the arguments are not merely responding to arguments in

7

Plaintiffs' response. *Harris v. Daviess-Dekalb Cty. Reg'l Jail*, , 2016 WL 3645201, at *9 (W.D. Mo. June 30, 2016) ("This Court will not entertain a new theory . . . asserted in a reply brief, when the theory could have been brought in the motion.").

### *Kemper Supplemental Reply*

In their opening brief, the Kemper Defendants presented a declaration of Matthew Varagona [Dkt# 333, PgID 1947]. However, much like Defendants' request for judicial notice, the Kemper defendants completely failed to provide any argument for why the Court could consider such a declaration on a motion to dismiss. The Kemper Defendants attempted to remedy this in their reply:

> [C]ourts may properly consider such declarations on a motion to dismiss for lack of standing." (citing *Holland v. JPMorgan Chase Bank, N.A.*, No. 19 CIV. 00233 (PAE), 2019 WL 4054834, at *1 n. 1 (S.D.N.Y. Aug. 28, 2019); *Archie v. Pop Warner Little Scholars, Inc.*, No. CV16-6603 PSG PLAX, 2017 WL 3084160, at *2 n. 2 (C.D. Cal. May 12, 2017); *Metz v. United Ctys. Bancorp*, 61 F. Supp. 2d 364, 374 (D.N.J. 1999)).

[Dkt# 383 at PageID.4605]. The Kemper Defendants, like the Defendants in the omnibus request for judicial notice, raise an argument that could (and should) have been brought in the first motion. Such an attempt is inappropriate and should be stricken or disregarded. *Harris*, 2016 WL 3645201, at *9. Defendants' burden of explanation cannot be ignored on the frontend and relegated to their reply brief. *Total Benefits*, 552 F.3d at 433 (6th Cir. 2008).

8

*Erie Supplemental Reply*

The Erie Defendants improperly attempt to add a new theory regarding their original source argument in their reply brief:

> In offering this explanation of MSP Recovery and its 'affiliates,' Relators effectively concede that they are not original sources. *See U.S. ex rel. Fine v. Advanced Scis., Inc.*, 99 F.3d 1000, 1007 (10th Cir. 1996) ("[A] "relator's knowledge must not be derivative of the information of others, even if those others may qualify as original sources.").

[Dkt# 384 at PageID.4611].

The Erie Defendants made absolutely no mention of derivative knowledge qualifying or not qualifying as an original source in their original motion, instead focusing on material addition: "the Relators cannot establish that the Amended Complaint contains information that is 'independent of' and 'materially adds to' previously disclosed allegations against Erie." [Dkt# 334, PgID 1955].

Each of the new arguments are improperly presented, therefore precluding this Court's consideration. *Campbell*, 279 F.3d at 401("In his reply brief, Carson raises an entirely new argument. . . . We are therefore precluded from considering it."). Furthermore, due to this impropriety, Defendants have waived their arguments. *Scottsdale Ins.*, F.3d at 553 (6th Cir. 2008) (new arguments are not appropriate in a reply brief and, thus, defendants have waived their new arguments).

A motion to strike may be granted "only where the allegations are clearly immaterial to the controversy *or* would prejudice the movant." *Brown & Williamson Tobacco Corp. v. U.S.,* 201 F.2d 819, 822 (6th Cir.1953) (emphasis added). Here,

9

the several new arguments raised by Defendants would prejudice the non-movant because Plaintiffs had no opportunity to respond to such arguments.

## Conclusion

WHEREFORE, Relator MSP WB, by and through its attorneys, respectfully moves this Honorable Court for the entry of an Order granting Relator MSP WB's Motion to Strike or Disregard New Arguments, and strike or disregard the new arguments in deciding the several motions to dismiss.

Dated: April 8, 2022                                Respectfully Submitted:

*/s/ Shereef H. Akeel*
**AKEEL & VALENTINE, PLC**
888 W. Big Beaver Road, Ste. 420
Troy, MI 48084
(248) 269-9595
Shereef H. Akeel (P54345)
Adam Akeel (P81328)
Samuel R. Simkins (P81210)
shereef@akeelvalentine.com
adam@akeelvalentine.com
Sam@akeelvalentine.com

**MSP RECOVERY LAW FIRM**
2701 S. Le Jeune Rd.
10th Floor
Coral Gables, Florida 33134
Telephone: (305) 614-2222
serve@msprecoverylawfirm.com

/s/ Ryan H. Susman
Ryan H. Susman
Fla. Bar No.: 1010444
rsusman@msprecoverylawfirm.com

John H. Ruiz
Fla. Bar No.: 928150
jruiz@msprecoverylawfirm.com
serve@msprecoverylawfirm.com

Robert Strongarone
Fla. Bar No.: 118931
rstrongarone@msprecoverylawfirm.com

***Attorneys for Relator MSP WB, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed and served on all parties of record using the Court's CM/ECF system.

*/s/ Adam Akeel*
Adam Akeel